IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO PEREZ,<br><br>    Plaintiff,<br><br>  v.<br><br>EMC MORTGAGE CORPORATION,<br><br>    Defendant. / | No. C-09-0403 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

    Before the Court is defendant's motion to dismiss, filed February 4, 2009. No opposition has been filed.[1] Having read and considered the papers filed in support of the motion, the Court deems the matter appropriate for decision thereon, hereby VACATES the hearing scheduled for March 20, 2009, and rules as follows.

    In the instant action, plaintiff alleges defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq., the Home Ownership and Equity Protection Act, 15 U.S.C. § 1637, the Truth in Lending Act, 15 U.S.C. § 1601, et seq., the Federal Trade Commission Act, 15 U.S.C. § 41 et seq., the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1961, et seq., and Article 3 of the California Commercial

---

[1] On March 6, 2009, defendant filed a "Reply re: Non-Opposition to Motion to Dismiss."

1  Code, all in connection with a mortgage transaction.

2  The majority of the allegations in the complaint, and, in particular, all of the
3  allegations made in connection with the above-referenced statutes, are wholly conclusory
4  and, consequently, cannot survive a motion to dismiss.  (See Compl. ¶¶ 20, 23-24, 26-31);
5  see also Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).  The only non-
6  conclusory allegations assert that defendant "is not and was not the holder the holder of the
7  note . . . nor was it otherwise entitled by law in this State to initiate foreclosure under the
8  Security Instrument" (see Compl. ¶ 7), that defendant did not "have the right to direct
9  Quality Loan Service Corporation to foreclose" (see id. ¶ 8), and that defendant
10 "misrepresented the facts that [it] had the right to enforce the note and foreclose on
11 [p]laintiff's property when in fact [it] did not have those lawful rights" (see id. ¶ 17).  As set
12 forth below, such allegations likewise are unavailing.

13 First, to the extent plaintiff alleges defendant improperly initiated foreclosure, such
14 allegation is unavailing, for the reason that publicly recorded documents show Quality Loan
15 Service Corporation ("Quality Loan"), not defendant, initiated the subject foreclosure.  (See
16 Request for Judicial Notice ("RJN") Ex. 2 ("Notice of Default and Election to Sell under
17 Deed of Trust" recorded by Quality Loan)[2]; see also Moeller v. Lien, 25 Cal. App. 4th 822,
18 830 (1994) (noting "[t]he foreclosure process is commenced by the recording of a notice of
19 default and election to sell").

20 Next, to the extent plaintiff alleges defendant did not have the right to direct Quality
21 Loan to initiate foreclosure, such allegation likewise is unavailing, for the reason that
22 publicly recorded documents show Quality Loan was a proper party to take such action.
23 (See RJN Ex. 1 ("Deed of Trust") ¶ 24 (providing lender may appoint successor trustee "by
24 an instrument executed and acknowledged by Lender and recorded in the office of the
25 Recorder of the county in which the Property is located"); id. Ex. 3 ("Substitution of

26

---

27  [2]Concurrently with the instant motion, defendant filed a Request for Judicial Notice.
28 No objection having been filed, and, good cause appearing, the request is hereby GRANTED.

1  Trustee") (naming Quality Loan as Trustee under Deed of Trust)); see also Cal. Civ. Code
2  § 2924(a)(1) (providing, in case of non-judicial foreclosure, notice of default may be filed by
3  "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents").[3]

4  Lastly, to the extent plaintiff alleges defendant made misrepresentations to plaintiff
5  concerning defendant's right to foreclose with respect to the subject property, and to the
6  extent such allegation is based on the above-referenced allegations concerning initiation of
7  foreclosure, such allegation fails to state a claim for the same reasons such earlier
8  allegations fail.  To the extent such allegation is based on some other theory, the allegation
9  is deficient for the reason that plaintiff fails to plead the alleged "misrepresentation(s)" with
10 the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.  See Fed. R.
11 Civ. P. 9(b); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)
12 (noting "[a]verments of fraud must be accompanied by the who, what, when, where, and
13 how of the misconduct charged") (internal quotation and citation omitted).  Additionally, the
14 allegation fails to state a claim, for the reason that plaintiff has failed to allege he relied on
15 any such misrepresentation or that he was damaged thereby.  See, e.g., Glenn K. Jackson,
16 Inc. v. Roe, 273 F.3d 1192, 1200 n.2 (9th Cir. 2001) (noting, under California law, "[t]he
17 elements of negligent misrepresentation include: (1) misrepresentation of a past or existing
18 material fact, (2) without reasonable ground for believing it to be true, (3) with intent to
19 induce another's reliance on the misrepresentation, (4) ignorance of the truth and justifiable
20 reliance on the misrepresentation by the party to whom it was directed, and (5) resulting
21 damage").

22 Accordingly, defendant's motion to dismiss is hereby GRANTED.  To the extent
23 plaintiff may be able to cure any of the above-noted deficiencies, the Court will afford
24 plaintiff an opportunity to file a First Amended Complaint.  Any such First Amended
25 //

26

27  [3]Plaintiff does not allege that foreclosure could not be initiated by someone, but,
28 rather, that defendant had no right to do so itself and had no right to direct Quality Loan to
   do so.  (See Compl. ¶¶ 7-8.)

3

1  Complaint shall be filed no later than April 17, 2009.
2  **IT IS SO ORDERED.**
3
4  Dated:  March 17, 2009                             _____
                                                      MAXINE M. CHESNEY
5                                                     United States District Judge